UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN NGUYEN,

      Plaintiff,

v.                                                     Case No. 1:22-cv-465
                                                    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his claim for supplemental security income (SSI).

The present case involves plaintiff's application for SSI filed on September 24, 2018.  PageID.41.  Administrative law judge (ALJ) Smisek denied plaintiff's claim on December 6, 2019, the Appeals Counsel vacated and remanded the decision on October 28, 2020, and ALJ Lupisella held a hearing on February 4, 2021.  PageID.53-77, 114-124, 130-132.  Plaintiff identified his disabling conditions as extreme back pain, leg numbness, legs failing to work, and depression.  PageID.324.  Plaintiff attended two years of college, he has no past work, stating that, "I did not work at all in the last 15 years before I became unable to work."  PageID.45, 325.  ALJ Lupisella entered a decision denying benefits on March 3, 2021.  PageID.38-47.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.      LEGAL STANDARD

The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016).  This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019).  "Substantial evidence, this Court has said, is more than a mere scintilla.  It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990).  The scope of this review is limited to an examination of the record only.  This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007).  "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation.    At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since his application date of September 24, 2018.  PageID.41.  At the second step, the ALJ found that plaintiff had severe impairments of degenerative disc disease, lumbar radiculopathy, obesity, and depression.  *Id*.  At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can only stand and/or walk for a total of 4 hours in an 8-hour workday; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance on narrow, slippery, or erratically moving surfaces; can frequently, but not constantly, push and/or pull with the bilateral lower extremities, including the use of foot controls; can occasionally stoop, kneel, crouch, and crawl; can have only occasional exposure to wetness; can have no exposure to vibration, such as vibratory tools or machinery; can have no exposure to hazards, such as unprotected heights or dangerous, moving machinery; and due to pain and/or psychiatric symptoms, the claimant is limited to simple and routine tasks performed in a work environment free of fast-paced production requirements (i.e. no work on an assembly line), involving only simple, work-related decisions and routine work place changes.

PageID.42-43.  The ALJ also found that plaintiff has no past relevant work.  PageID.45.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level.  PageID.46-47.  Specifically, the ALJ found that plaintiff could perform the requirements of unskilled, light work in the national economy such as garment sorter (55,000 jobs), router (50,000 jobs), and "inspector and hand packager" (53,000 jobs).  PageID.46.  The ALJ also found that plaintiff could perform the requirements of unskilled, sedentary work in the national economy such as inspector (56,000 jobs), sorter (52,000 jobs), and order clerk (51,000 jobs).  *Id.*  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from September 24, 2018 (the date he filed the application) through March 3, 2021 (the date of the decision).  PageID.47.

### III.    DISCUSSION

Plaintiff raised one error:

**The Decision Lacks Substantial Evidence to Support a Denial of Benefits When It Fails to Provide Appropriate Rationale Support by Specific References to the Evidence.**

Plaintiff summarized his argument as follows:

Dan Nguyen has an objectively demonstrated explanation for his back pain. The Unfavorable Decision discounts this evidence based on insubstantial reasons. The Unfavorable Decision both lacks substantial evidence and violates the Appeals Council Order that it "provide appropriate rationale" and support the rationale with "specific references to evidence of record." Mr. Nguyen deserves a remand for a new hearing that fully and fairly considers the evidence.

Plaintiff's Brief (ECF No. 10, PageID.572).

### A.    The Appeal Council's Order

As an initial matter, the Court does not review whether an ALJ followed remand instructions from the Appeals Council.  As this Court explained in *Brown v. Commissioner of Social Security*, No. 1:08-cv-183, 2009 WL 465708 (W.D. Mich. Feb. 24, 2009):

Plaintiff is asking this court to review whether the ALJ complied with the Appeals Council's order of remand. . . .

Plaintiff's appeal is inappropriate, because it seeks to have this court review an internal agency matter. Neither party addresses the preliminary question of whether this court has jurisdiction to review plaintiff's claim that the ALJ failed to follow the Appeals Council's instructions during the course of an administrative review. Nevertheless, the court concludes that it lacks jurisdiction to address plaintiff's claims.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution and statute . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted.) The existence of subject matter jurisdiction may be raised at any time, on a party's motion or sua sponte by the court. *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Section 405(g) "clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Although § 405(g) limits review to a "final decision of the Commissioner," that term is not defined in the statute. *See Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Nevertheless, the regulations provide that a claimant must complete a four-step administrative review procedure to obtain a judicially reviewable final decision of a claim for benefits: (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a) (1)-(4); 416.1400(a)(1)-(4). When a claimant has completed these four steps, the agency "will have made [its] final decision" and the claimant "may request judicial review by filing an action in a Federal district court." *See* §§ 404.900(a)(5); 416.1400(a) (5).

With respect to step 4, Appeals Council review, the applicable regulations provide that "the administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 416.1477(b). Whether an ALJ complies with an Appeals Council order of remand is an internal agency matter which arises prior to the issuance of the agency's final decision. By failing to remand the matter a second time, it appears that the Appeals Council considered

the ALJ's July 25, 2006 review to be in compliance with the Council's previous order of remand (AR 5).  Section 405(g) does not provide this court with authority to review intermediate agency decisions that occur during the administrative review process.  *See, e.g., Bass v. Astrue*, No. 1:06-cv-591, 2008 WL 3413299 at *4 (M.D.N.C. Aug. 8, 2008) ("[t]he Court does not review internal, agency-level proceedings, and therefore will not address whether the ALJ complied with specific provisions of the Appeals Council's remand order"). . .

*Brown*, 2009 WL 465708 at *5-6.  Accordingly, this claim of error is denied.

### B.    Substantial evidence

Plaintiff contends that the ALJ Lupisella's decision is not supported by substantial evidence.  The record reflects that plaintiff is about six feet and seven inches tall and weighs between 368 and 378 pounds.  PageID.44.  The ALJ summarized plaintiff's claims as follows:

> The claimant is alleging disability based on impairments including extreme back pain, leg numbness, legs failing to work and depression (2E/2). He further asserts that these impairments limit his ability to lift, squat, bend, stand, walk, sit, kneel, climb stairs and complete tasks (4E/6).

PageID.43.

The ALJ rejected plaintiff's claims as not corroborated by the medical evidence:

> I note that the objective medical evidence and clinical examination findings do not corroborate the claimant's alleged symptoms and limitations.  The claimant's allegations that his impairments limit his ability to stand and walk are not supported by the medial evidence of record.  For example, the claimant had functional range of motion and a normal gait on examination (6F/4; 8F/12). The claimant also had 5/5 manual muscle testing (8F/3; 9F/5). The claimant has described daily activities that are not limited to the extent one would expect given his allegations of disabling symptoms. These activities include living with family, maintaining his personal care, preparing meals, shopping in stores, shopping online, playing games, spending time with others, watching television and going to parties (4E).  Because of these inconsistencies, I find that the claimant's statements concerning the intensity, persistence and limiting effects of his alleged symptoms are not substantiated.

PageID.44.

However, the ALJ's decision did not address plaintiff's medical history in a meaningful manner.  While the ALJ referred to opinions by non-examining psychologist Colette

Simone, Psy.D. and non-examining doctor Robert Nelson, M.D., the medical history contains no dates, identifies no treating doctors or other health care providers, and presents plaintiff as essentially normal, *e.g.*, having functional range of motion, normal gait, and 5/5 manual muscle testing.  PageID.43-45.

In response to plaintiff's initial brief, defendant's counsel provided some support for the ALJ's decision by reviewing plaintiff's medical history from January 11, 2018, to February 20, 2020, with the following providers: Darrell Roelandt, D.O.; Tamer Katamesh, M.D.; Harrison Johnson, M.D.; pain management specialist Janet Graham, NP.; Christopher Marquart, M.D.; and, Paul Dyball, D.O.  Defendant's Brief (ECF No. 11, PageID.585-589).  However, counsel's brief is not the subject of this appeal.

> [T]he courts may not accept appellate counsel's *post hoc* rationalizations for agency action.  It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.

*Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Company*, 463 U.S. 29, 50 (1983) (internal citation omitted).  "[I]t is the ALJ's rationale that is under review, not defense counsel's."  *Christephore v. Commissioner of Social Security*, No. 11-13547, 2012 WL 2274328 at *6 (E.D. Mich. June 18, 2012).

An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning."  *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence.  It is absolutely essential for meaningful appellate review."  *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985).  Here, the Court cannot trace the path of the ALJ's reasoning for crediting or rejecting the medical evidence.

Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner will be directed to re-evaluate the medical evidence.

IV.    **CONCLUSION**

For these reasons, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate the medical evidence.  A judgment consistent with this opinion will be issued forthwith.

Dated: September 18, 2023                          /s/ Ray Kent
                                                   RAY KENT
                                                   United States Magistrate Judge